28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The CONTINENTAL INSURANCE COMPANY, a New Hampshire
corporation, Plaintiff-Appellant,
v.
ULTRA SYSTEMS ENGINEERS AND CONSTRUCTORS, INC., a California
corporation; CDI Management, Inc., an Oregon corporation;
Waste Fiber Recovery Company, a general partnership; CD
Partners, a general partnership; Ultrapower Biomass Fuels,
Incorporated, a California corporation; Mesple Investments,
Inc., a California corporation; Shupack Investments, Inc.,
a California corporation; Dynamic Pallet Corporation, a
California corporation, Defendants-Appellees.
 No. 92-17126.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 17, 1994.
Decided July 8, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Continental Insurance Company, which bonded Cheam-Doty Installations, Inc., a subcontractor on a construction project, brought this action for fraud, negligence and indemnity against CDI Management, Inc., a subcontractor, Ultra Systems Engineers & Constructors, Inc. (UEC), general contractor, and owners of the project. Continental claimed that the defendants, obligees on the bond, failed to disclose that CDI did not have a California contractor's license and could not enforce its subcontract.
 
 
 3
 The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6) on the ground that the defendants did not have a legal duty to disclose information to Continental and the complaint did not state a claim for misrepresentation or negligence. We reverse.[1]
 
 
 4
 The dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) is reviewed de novo. See, e.g., Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.1994). "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. A complaint should not be dismissed unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. (citations omitted)
 
 
 5
 As we read the complaint in the light most favorable to Continental, it could prove that appellees knew that CDI was not licensed and that UEC nevertheless, in violation of Cal.Bus. & Prof.Code Sec. 7118, entered into a subcontract with CDI. In so doing, UEC also knew that bonds naming it and the other appellees as obligees would be issued by bonding companies for CDI's subcontractors. Appellees further knew that bonding companies would rely upon the fact that the contract was entered into as a representation that there was no congenital defect such as the lack of licensure. See Cal.Bus. & Prof.Code Sec. 7031. Moreover, appellees knew that the risk to the surety would be higher than that which any surety would willingly undertake. By their actions, therefore, they placed themselves in a position where they could, in effect, obtain the benefits of goods and services supplied by others and place the expense of those goods and services upon the unwitting surety.[2]
 
 
 6
 We do not pretend to know how Continental will prove any or all of this knowledge and intent on the part of the appellees, or any of them. Nor do we know how Continental will overcome the assertion that it, in general, has the duty to investigate before it issues a bond. See Sumitomo Bank v. Iwasaki, 70 Cal.2d 81, 85, 73 Cal.Rptr. 564, 567, 447 P.2d 956, 959 (1968). Similarly, we do not know if Continental can show that those in this industry are aware of the fact that sureties rely upon them to follow Business and Professions Code Sec. 7118 when they enter into contracts that will ultimately be bonded, and do make a representation that they have done so when they enter into the contracts. See id.
 
 
 7
 Perhaps much of this is a matter of industry custom well known to the parties of this case. However, what is important is that we do not have to know the answers to these questions, for this case is still in the pleading stage. Whether the allegations can be proved is presently unknown, unknowable and unimportant. We will simply assume that those facts can be proved.
 
 
 8
 Those facts do tend to show that a material fact was suppressed because it was well known that the existence of a contract would represent that CDI was licensed. They also tend to show that appellees had a duty of disclosing that CDI, in fact, was not licensed, that they withheld that information with the intention of defrauding others, and that Continental would never have issued the bond had it known the truth. That is fraudulent concealment. See Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal.App.4th 603, 612-13, 7 Cal.Rptr.2d 859, 864 (1992). Of course, if it is assumed that appellees knew that their contract would be relied upon by a surety, that no further investigation of licensing would be undertaken, and that no bond would otherwise have issued, they are in no position to say that they cannot be held responsible because they did not know which specific surety would fall victim to their scheme. See Mahoney v. Founders' Ins. Co., 190 Cal.App.2d 430, 438-39, 12 Cal.Rptr. 114, 118-19 (1961).
 
 
 9
 Those same facts tend to show that licensure was misrepresented with knowledge of the falsity and with the intent to induce reliance, and that reliance was justified. That is fraud. See, e.g., Nelson v. Gaunt, 125 Cal.App.3d 623, 635, 178 Cal.Rptr. 167, 173 (1981); In re Kirsh, 973 F.2d 1454, 1458-59 (9th Cir.1992).
 
 
 10
 Finally, given their alleged knowledge, if the actions of appellees were not quite egregious enough to sustain the intentional torts outlined above, they might still have been sufficient to show negligence.
 
 
 11
 We recognize that this is a somewhat speculative exercise, but it is only so because we do not know what the evidence will be. We do not mean to suggest any opinion about that evidence or about the ultimate merits of the case. We only mean to indicate that the complaint does spell out facts that state claims upon which relief could be granted.
 
 
 12
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We asked the parties to respond to our concern that we lacked jurisdiction because it appeared that the action had not been dismissed as to one party, CDI. After reviewing the parties' responses we are satisfied that the district court did intend to dismiss the action to all parties, including CDI. Thus we have jurisdiction. See Federal Ins. Co. v. Scarsella Bros., Inc., 931 F.2d 599, 601 (9th Cir.1991)
 
 
 [2]
 While this is not specifically alleged in the complaint, it necessarily follows from the allegations of the complaint